UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

JERRY LEE FRASIER,                                    Case No. DG 14-06074
                                                      Hon. Scott W. Dales

             Debtor.

_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                  Chief United States Bankruptcy Judge

Fifth Third Bank (the "Bank") filed a motion for relief from the automatic stay (the "Motion," DN 26) after Jerry Lee Frasier (the "Debtor") failed to make payments under his confirmed chapter 13 plan sufficient to meet his obligations to cure arrearages and maintain payments to the Bank. The court set the matter for a final hearing on February 18, 2015 in Grand Rapids, Michigan. The Bank, the chapter 13 trustee, and the Debtor appeared at the hearing through counsel.

The court has jurisdiction over the Debtor's bankruptcy case pursuant to 28 U.S.C. § 1334(a), and this case has been referred to the United States Bankruptcy Court pursuant to 28 U.S.C. § 157(a) and LCivR 83.2(a). This contested matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G), arising under the Bankruptcy Code and at the heart of the proceeding, and therefore within the court's authority notwithstanding *Stern v. Marshall*, 564 U.S.___, 131 S.Ct. 2594 (2011), and its progeny.

The Bank's Motion is premised on the undisputed fact that the Debtor has made a single post-confirmation payment, and is now approximately four months behind in payments to the Trustee (and therefore to the Bank). Consequently, there is no dispute about the Debtor's

material default in performance of his plan.  The Bank asserts that the default is "cause" to lift the stay.  11 U.S.C. § 362(d)(1).[1]

The Debtor explained, however, that almost contemporaneously with confirmation, he lost his job and has been unable to make payments.  He contends that he is entitled to a sizeable tax refund which, when received, he will use to cure the missed payments and get "caught up." He also contends that he has found employment as a landscaper that will commence next month, so he will be able to resume making plan payments as his confirmed plan requires.  Finally, the Debtor argues that there is approximately $8,000.00 in equity in his residence that will adequately protect the Bank's interest in its collateral while the Debtor cures his post-petition arrearages.

The Bank's Motion, as its counsel points out, is not exclusively premised on a lack of adequate protection, but rather on the Debtor's material default in making payments under the confirmed plan.  The Bank holds a non-modifiable claim under § 1322(b)(5) and the Debtor's plan, which he himself proposed, obligates him to cure arrears and maintain payments.  For this reason, authorities such as *In re Nichols*, 440 F.3d 850 (6th Cir. 2006), which focus on the existence of an equity cushion[2] to postpone stay relief in post-confirmation disputes do not provide any basis for opposing the Bank's motion.  Unlike *Nichols*, which concerned claims secured by personal property, the present case involves a claim secured by real estate that the

---

[1] Although § 362(d)(1) does mention "adequate protection," the term is preceded by the word "including."  Under the rule of construction prescribed in § 102(3), this means that "adequate protection" is simply an illustration, not the definition, of "cause."  The Bank's Motion, admittedly, blurs the concepts of "cause" and "adequate protection," but counsel explained at oral argument that the Debtor's failure to make payments under the confirmed plan is the "cause" upon which the Motion depends.

[2] Assuming, *arguendo*, that proof of adequate protection would fairly respond to the Bank's showing of "cause" in this case -- the missed payments -- the Debtor has the burden of proof on the issue of adequate protection, a burden that counsel's statements alone cannot satisfy.  11 U.S.C. § 362(g)(2).  Nor, for that matter, would taking judicial notice of the schedules suffice, since they are hearsay if used to establish value, unless offered as evidence *against* the debtor who authored them.  *See* Fed. R. Evid. 201 (judicial notice) and 801(d)(2) (statements that are not hearsay).

Debtor uses as a residence, making modification of the claim untenable. *Cf. In re Long,* 453 B.R. 283 (Bankr. W.D. Mich. 2011).

In general, the holder of a long-term claim secured only by real estate that is the debtor's residence is protected against modification, except the limited modification allowed under § 362 (the automatic stay) and § 1322(b)(5) (the "cure and maintain" provisions), both of which the Debtor has already availed himself. Barring the Bank from exercising its rights following the undisputed default under the confirmed plan would effectively and impermissibly modify the Bank's rights under § 1322(b)(2), and under the plan which binds "the debtor and each creditor. . . ." 11 U.S.C. § 1327(a).

Given the post-confirmation default under the plan resulting in the Bank's not receiving payments for the months of December, January, and February as the plan requires, there is cause to grant relief from the automatic stay, and the co-debtor stay under § 1301(a).

Perhaps the Bank would have been more inclined to postpone its collection activity if, rather than relying on the statements of his counsel, the Debtor had documented his efforts to obtain an early 2014 tax refund, or provided details concerning his newly-found employment, or promptly taken steps to modify his plan. It is at least conceivable that the Bank might have been more cooperative if the Debtor had been more proactive and definitive in his response to the problem. In addition, perhaps the Debtor's energy may have been better spent in working with the Bank rather than, in essence, asking the court to modify a home loan that the court does not have authority to adjust. Regardless, as the record now stands, the court finds a post-confirmation default in making payments to a creditor holding a non-modifiable claim. Other than the statements of counsel and his appeal for more time, the Debtor has offered no reason to deny the Bank's Motion. The court, therefore, will modify the stay.

Finally, because the Debtor opposed the Motion, this Order will itself be stayed in accordance with Fed. R. Bankr. P. 4001(a)(3).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 26) is GRANTED and the automatic stays (under §§ 362(a) and 1301(a)) are modified to permit the Bank to pursue its rights under state law and its loan documents.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtor, Jeffrey D. Mapes, Esq., Elizabeth Abood-Carroll, Esq., Brett N. Rodgers, Chapter 13 Trustee, and the Office of the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated February 20, 2015**



Scott W. Dales
United States Bankruptcy Judge